NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARON DOMINIQUE BOWSER, | No. 17-56504 |
| Petitioner-Appellant, | D.C. No. 8:14-cv-00714-DOC |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted July 14, 2020**

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Karon Dominique Bowser appeals from the district court's order denying his

motion for reconsideration of its order denying his Federal Rule of Civil Procedure

60(b) ("Rule 60(b)") motion.  We have jurisdiction under 28 U.S.C. § 2253.

Reviewing de novo, *see Brown v. Muniz*, 889 F.3d 661, 666 (9th Cir. 2018), *cert.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*denied sub nom.*, *Brown v. Hatton*, 139 S. Ct. 841 (2019), we affirm.

The district court denied reconsideration of its denial of Bowser's Rule 60(b) motion, concluding that the Rule 60(b) motion was subject to 28 U.S.C. § 2255(h)'s restrictions on second or successive § 2255 motions because the evidence supporting the alleged violation under *Brady v. Maryland*, 373 U.S. 83 (1963), was not material. This court subsequently held that *Brady* claims, even those that present material evidence, are subject to § 2255(h)'s second or successive gatekeeping requirement. *See Brown*, 889 F.3d at 668. In light of *Brown*, Bowser's *Brady* challenge, raised in his disguised second or successive § 2255 motion, is subject to § 2255(h), and the district court properly denied reconsideration.

In lieu of an opening brief, Bowser filed an original Rule 60(b) motion with this court asserting a new *Brady* challenge. We decline to consider Bowser's Rule 60(b) motion. This decision is without prejudice to Bowser seeking Rule 60(b) relief in the district court. We express no opinion as to the merits of any such motion, or as to whether such a motion would be subject to § 2255(h) or would instead qualify as a "true" Rule 60(b) motion under *Gonzalez v. Crosby*, 545 U.S. 524, 531-36 (2005).

To the extent Bowser seeks to expand the certificate of appealability, that motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-

05 (9th Cir. 1999).

**AFFIRMED.**